UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PRIDE CENTER OF TERRE HAUTE, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:25-cv-00076-MPB-MJD |
| PRESIDENT, INDIANA STATE UNIVERSITY, et al., | ) ) ) ) |
| Defendants. | ) |

**SCHEDULING ORDER**

To prepare this matter for resolution of Plaintiff's Motion for Preliminary Injunction [Dkt. 9], the Court hereby establishes the deadlines set forth below and orders as follows:

1. Discovery shall commence immediately.

2. The parties shall serve requests for production, along with any interrogatories or requests for admissions, focused upon the issues to be addressed during the preliminary injunction briefing, by no later than **March 6, 2025**. The parties shall serve any objections to such requests on or before **March 12, 2025** and (subject to such objections until resolved) shall fully respond to such discovery requests on or before **March 24, 2025**, to include the production of any documents requested and the logging of any privileged or other documents withheld from production.

3. By no later than **March 6, 2025**, the parties may also serve nonparty subpoenas for documents focused upon the issues to be addressed during the preliminary injunction briefing. Such nonparty subpoenas may be served without serving a copy on opposing counsel in advance as required by Local Rule 45-1; but shall be transmitted to opposing counsel by no later than the date served. Any nonparties to whom such subpoenas are directed are ordered to serve any objections to such requests on or before **March 12, 2025**, and (subject to such objections until resolved) to fully respond to such requests on or before **March 24, 2025**, to include the production of any documents requested and the logging of any privileged or other documents withheld. The parties are directed to provide a copy of this order

with any such nonparty requests served.

4. All discovery requests and responses pursuant to this order shall be served by either hand delivery or by electronic means with telephonic confirmation of receipt on or before the date due.

5. On or before **March 7, 2025**, the parties shall file a list of the witnesses whose testimony that party would intend to offer with their preliminary injunction briefing; the parties shall supplement such lists on or before **March 28, 2025**.

6. On or before **March 7, 2025**, each party shall file a list of the exhibits intended to be offered with their preliminary injunction briefing, and shall provide copies of all exhibits listed to opposing counsel by that date. On or before **March 28, 2025**, each party shall file an updated list of the exhibits intended to be offered with their preliminary injunction briefing. Supplemental exhibits shall be limited to documents produced during party and nonparty discovery in this matter.

7. Except as set forth in paragraph 8 below, Plaintiff may conduct no more than two depositions in preparation for the preliminary injunction briefing, and Defendants collectively may conduct no more than two depositions in preparation for the preliminary injunction briefing. Each such deposition shall last no more than three hours. All such depositions shall be completed on or before **April 8, 2025**. The parties shall work together to ensure the scheduling of the depositions in compliance with this order.

8. On or before **March 13, 2025**, the parties shall exchange fully executed copies of any affidavits the parties expect to submit as part of their evidentiary submission in this matter. Notwithstanding the limitation set forth in paragraph 7 above, each party may depose any individual whose affidavit is disclosed pursuant to this paragraph. Each such deposition shall last no more than two hours (unless the deponent is one of the two designated pursuant to paragraph 7, in which event the deposition may last no more than three hours). All such depositions shall be completed on or before **April 8, 2025**. The parties shall work together to ensure the scheduling of the depositions in compliance with this order.

9. The Court does not anticipate taking any live testimony. Rather, on or before **April 14, 2025**, each party shall file their evidentiary submission comprised of affidavits, deposition transcripts, and documentary exhibits. No witnesses may be offered that were not disclosed in the **March 28, 2025** witness lists. No exhibits may be offered that were not disclosed in the **March 28, 2025** exhibit lists. The parties' briefs discussed in paragraph 10 below may not cite or refer to any evidence not included in the **April 14, 2025** evidentiary submissions.

10. On or before **April 21, 2025**, Plaintiff shall file a brief in support of Plaintiff's motion for preliminary injunction with specific citations to the factual record on file; Plaintiff's opening brief is limited to no more than twenty-five pages.

      Defendants may file a response to Plaintiff's opening brief on or before **April 30, 2025**; Defendants' response brief is limited to no more than twenty-five pages. Plaintiff may file a reply in support of its motion for preliminary injunction on or before **May 9, 2025**; Plaintiff's reply brief is limited to no more than twelve pages. It is the Court's intent to rule based upon the written submissions without further hearing or oral argument.

11. Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in its native format

12. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

13. If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will immediately request a telephonic status conference with the Magistrate Judge prior to filing any disputed motion to compel or for a protective order. This paragraph does not apply to any nonparty discovery served.

14. Non-party subpoenas served pursuant to this order shall be deemed to have arisen out of a bona fide emergency as that term is used in Local Rule 45-1.

15. Pursuant to Fed. R. Civ. P. 30(a)(2), the parties are hereby authorized to conduct a subsequent deposition, in the normal course of discovery, of any individual or entity deposed pursuant to this order.

16. The parties are **prohibited from enlarging** any discovery or other deadline set forth in this order by agreement; all enlargements of time must be obtained by motion in compliance with Local Rule 6-1(a).

SO ORDERED.

Dated: 27 FEB 2025

                                    Mark J. Dinsmore
                                    United States Magistrate Judge
                                    Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.